Kenneth D. Freundlich (CA Bar No. 119806)
Jonah A. Grossbardt (CA Bar No. 283584)
**FREUNDLICH LAW, APC**
16133 Ventura Blvd. Suite 645
Encino, CA 91436
Tel:  (310) 275-5350
Fax: (310) 275-5351
ken@freundlichlaw.com
jonah@freundlichlaw.com

Attorneys for Plaintiff Mariana Crescioni

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIANA CRESCIONI,<br><br>Plaintiff,<br><br>vs.<br><br>UMG RECORDINGS, INC.,<br><br>Defendant. | CASE NO.:<br><br>**COMPLAINT FOR:**<br><br>1. **BREACH OF CONTRACT;**<br>2. **BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;**<br>3. **UNJUST ENRICHMENT;**<br>4. **ACCOUNTING; AND**<br>5. **DECLARATORY RELIEF**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Mariana Crescioni ("Crescioni" or "Plaintiff"), by and through her counsel, complains against UMG Recordings, Inc. ("UMG" or "Defendant"), hereby alleging as follows:

## NATURE OF THE CASE

1. This is an action by Crescioni to recover from Defendant the sums that Defendant has failed to pay and properly account to for Plaintiff from sales of the song "Dale Don Dale" in digital and mobile formats, under the agreement dated April 1, 2005 (the "Agreement") without any legal right, justification, or excuse whatsoever. Based on this flagrant and willful failure to account, and Defendant's failure to render timely statements, Plaintiff also seeks a declaration from this Court to terminate the Agreement.

## PARTIES

2. Plaintiff Mariana Crescioni is an individual residing in Dallas, Texas.

3. Defendant UMG is, and at all times relevant hereto has been, a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business at 2220 Colorado Avenue, Santa Monica, California, 90404.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as Plaintiff and Defendant are citizens of different U.S. States and/or citizens of a State and citizens or subjects of a foreign state, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. UMG conducts business in the State of California, and UMG is therefore subject to this Court's personal jurisdiction. Venue is appropriate in this Court under 28 U.S.C. §§ 1391(b)(1) & 1391(b)(2) because UMG has its principal place of business in Santa Monica, California and a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district.

6. Moreover, the Agreement between the parties contains a forum selection clause in which the parties expressly agreed that California shall be the designated venue for resolving any disputes arising out of or related to the Agreement. Accordingly, Plaintiffs file this action in the Central District of California in compliance with the parties' contractual choice of forum, further confirming that venue is proper in this District.

## GENERAL ALLEGATIONS

**(Applicable To All Causes Of Action)**

7. On information and belief, at the time the April 2005 agreement was executed and performed, VI Music, LLC ("VI Music") operated as a joint venture with Machete Music, a division of UMG Recordings, Inc. ("UMG"). The heading of that agreement identifies VI Music as "a Machete Music, a division of UMG Recordings, Inc., Joint Venture." On further information and belief, VI Music has since been dissolved, and its rights and obligations were acquired or absorbed by Machete Music. Accordingly, UMG, through its division Machete Music, is believed to be the successor-in-interest to VI Music's contractual rights and liabilities.

8. On or about April 1, 2005, Plaintiff predecessor in interest Luar Music Corp ("Luar") entered a written contract with VI Music for the digital and mobile distribution of the following Master Recording owned by Luar (the "Agreement"):

**Artist:** Don Omar

**Recording:** Dale Don Dale

9. Plaintiff Mariana Crescioni is the assignee of all of Luar's rights under the Agreement at issue in this matter.

10. Pursuant to the Agreement, VI Music was obligated to, *inter alia*, account and pay to Luar, within sixty (60) days from the end of each month, the "Net Proceeds" (as defined in the Agreement) as:

> "Net Proceeds" means UNIVERSAL's receipts directly attributable to the exploitation hereunder of Luar Product collected during each billing month

(and for the avoidance of doubt in respect of foreign exploitation, net receipts actually received by UNIVERSAL in the United States from foreign sources), less: (i) the UNIVERSAL Distribution Fee [30%]; (ii) intentionally deleted (iii) applicable taxes, if any; and (iv) any other amounts due by you to Universal under this agreement; and (v) a 5% reserve which shall be retained by UNIVERSAL to cover any currently unidentified marketing costs (including co-op advertising costs), which shall be liquidated to you to the extent not used to offset actual marketing costs incurred by UNIVERSAL in the billing month following upon such determination."

11. UMG has not accounted to Plaintiff monthly as required under the Agreement.

12. UMG has taken improper deductions against revenues from its foreign affiliates which appear to be intercompany charges.

13. UMG has (i) applied an incorrect royalty rate on its accountings, (ii) failed to render accounting statements or to report sales for certain periods in which it received income under the Agreement, and (iii) failed to provide meaningful detail on domestic sales from which Plaintiff could determine if she was being accounted to properly under the Agreement.

14. On November 1, 2024, Plaintiff sent a certified letter via the United States Postal Service (USPS) to UMG, formally requesting an audit pursuant to the parties' Agreement. In that notice, Plaintiff highlighted a serious and material example of underreporting for the accounting period ending March 2024, in which UMG improperly calculated Plaintiff's royalty at a rate of 1.33%, rather than the seventy percent (70%) of Net Proceeds required under the Agreement. Furthermore, based on the "ICLA" column in the statement provided, the royalty base was reduced by up to sixty percent (60%) due to improper intercompany deductions on revenues collected by UMG's foreign affiliates. This certified notice was sent in accordance

4
COMPLAINT

with Section 13(d) of the Agreement, which provides that neither party shall be entitled to recover damages or terminate the agreement due to a material breach by the other party unless the breaching party fails to cure such breach within thirty (30) days following receipt of written notice from the non-breaching party. This provision does not apply to warranties for which a specific cure period is provided, breaches incapable of being cured, or applications for injunctive relief. Plaintiff complied with these contractual obligations by sending timely certified notice, and Defendant UMG failed to cure the identified breaches within the specified timeframe, thereby entitling Plaintiff to seek legal remedies before this Court.

15. On the same date as the certified letter sent via the United States Postal Service on November 1, 2024, attorney Matt Greenberg, on behalf of Plaintiff, also sent a courtesy email to Alexandra (Alex) Geller, Vice President and Litigation Counsel at UMG, notifying her of the certified correspondence and enclosing related documents. This correspondence further confirms that UMG, through its legal department, was properly notified of the claims raised in the November 1st certified letter and afforded an opportunity to cure the breaches consistent with the notice and cure provisions of the governing agreements.

16. UMG has failed to allow Plaintiff's auditors to examine the books and records in connection with the Agreement.

17. UMG has also wrongfully asserted a claim with SoundExchange that it owns the master recording of Don Omar's "Dale Don Dale" (SXID: SX210LPU5K) and is entitled to collect digital sound recording performance royalties associated with that master, even though UMG holds no valid ownership interest in the master that would justify such a claim. Plaintiff have notified both UMG and SoundExchange of this dispute and of Luar Collective Inc.'s rightful and exclusive designation by Plaintiff Mariana Crescioni as the sole entity entitled to receive all such SoundExchange royalties. Notably, this is the second time UMG has improperly asserted rights over these royalties—despite having previously relinquished its claim

in 2016, after Plaintiff formally challenged both UMG and SoundExchange. Following that relinquishment, SoundExchange paid the royalties owed to Plaintiff.

18. Following that notice, UMG again relinquished its claim, but only after Plaintiff took formal action. This recurring pattern of assertion and withdrawal demonstrates an ongoing threat to Plaintiff's rights, and the need for judicial intervention. Therefore, despite UMG's most recent withdrawal, Plaintiff seeks a declaratory judgment confirming its exclusive rights of the recording, and a permanent injunction prohibiting UMG from asserting or enforcing any rights to either recording now or in the future.

## FIRST CAUSE OF ACTION

### (Against UMG for Breach of Contract)

19. Plaintiff incorporates hereby reference, each and every allegation of paragraphs 1 through 18, inclusive, as though fully set forth herein.

20. UMG has breached the Agreement by, among other things, the following reasons:

   a. Failing and refusing to timely render accurate and proper statements as to royalties due to Plaintiff;

   b. Deducting impermissible intercompany charges from the royalties before rendering accountings and payments to Plaintiff under the Agreement;

   c. Rendering incomprehensible royalty statements concerning domestic sales so as to hide the true basis for UMG's accountings to Plaintiff.

21. Rendering incomprehensible royalty statements concerning domestic sales so as to hide the true basis for UMG's accountings to Plaintiff.

22. Plaintiff have performed all conditions, covenants and promises required pursuant to the terms of the Agreement, except those conditions, covenants and promises which have been prevented or otherwise excused by the conduct of UMG.

23. Until in or about June of 2022, for among other reasons, before that date (a) Plaintiff did not, nor could have known through reasonable diligence or could have been able to discover the breaches; and (b) UMG made various misrepresentations and omissions to Plaintiff relating to the relevant facts, and UMG failed to disclose to, and actively concealed from, Plaintiff said omissions and misrepresentations and the true information concerning the same, in order to induce Plaintiff to refrain from filing this action, and Plaintiff reasonably relied in good faith on the misrepresentations and omissions to her detriment.

24. As a direct and foreseeable result of UMG's breaches of contract, Plaintiff has suffered, general, special and incidental damages in an amount to be proven at trial, but which Plaintiff is informed and believes, and based thereon alleges, are within the jurisdictional limits of this Court, plus pre-judgment and post-judgment interest at the legal rate.

25. The breaches of the Agreement by UMG are so pervasive and material that there are grounds for this Court to declare the termination of the Agreement.

## SECOND CAUSE OF ACTION

**(Against UMG for Breach of Covenant of Good Faith and Fair Dealing)**

26. Plaintiff incorporates herein by reference each and every allegation of paragraphs 1 through 25 inclusive, as though fully set forth therein.

27. Plaintiff is further informed and believes and thereon alleges that if and when any such artists or rightsholders are able to overcome the obstacles created by this conduct and demonstrate that the royalties are understated, consequently being entitled to greater amounts than contended, UMG attempts to "negotiate" settlements to enable the retention of a portion of its wrongful gain, avoid paying interest for the use of the participant's money upon threat, expressed or implied, that a long, arduous, and expensive litigation will be a greater loss for the claimant against its corporate power.

28. Plaintiff is further informed and believes and thereon alleges that UMG's course of conduct though their policy of systematically, purposefully and pervasively understating payments by, among other things, the improper attribution of expenses, and/or concealment of detailed information, pursue to frustrate Plaintiff attempts to ascertain the correct amounts due to her and her collection.

29. The acts and omissions of UMG, as alleged herein, constitute breaches of the covenant of good faith and fair dealing in the Agreement.

30. The policies and practices of UMG as stated herein, were adopted and pursued for the purpose of illegally maximizing profits to the detriment of the parties with whom they contract, with full knowledge that they were breaching their basic obligation to those parties. The specific actions of UMG relating to Plaintiff, as alleged in this Complaint, were part of these strategies or UMG's general policies and, as such, demonstrate that UMG did not intend to, and did not carry out their basic obligations and duties to Plaintiff in good faith and in a reasonable manner.

31. Plaintiff are informed and believes, and based thereon alleges, that as a direct and foreseeable result of UMG's breach of the implied covenant of good faith and fair dealing, as alleged herein above, Plaintiff has been damaged in an amount which is presently unknown, but which Plaintiff is informed and believes, and based thereon alleges, is within the jurisdictional limits of this Court, plus pre- and post-judgment interest at the legal rate.

### THIRD CAUSE OF ACTION

**(Against UMG for Unjust Enrichment)**

32. Plaintiff incorporates here by reference each and every allegation of paragraphs 1 through 31, inclusive, as there are fully set forth herein.

33. By failing to pay the monies described herein, UMG has been unjustly enriched.

34. Accordingly, Plaintiff is entitled to a constructive trust over the monies being held by UMG that should have been paid to her.

## FOURTH CAUSE OF ACTION

**(Against UMG for an Accounting)**

35. Plaintiff incorporates here by reference each and every allegation of paragraphs 1 through 34, as though fully set forth herein.

36. The amount of money due from UMG to Plaintiff pursuant to the Agreement is unknown to Plaintiff and cannot be ascertained without a full and complete accounting.

37. Plaintiff has demanded that UMG render a full, complete and accurate accounting to her to ascertain the full amount of money owed to her, but UMG have failed and refused and continue to fail and refuse to render such an accounting. Thus, Plaintiff requests that the Court order UMG to render said accounting immediately.

## FIFTH CAUSE OF ACTION

**(Against UMG for Declaratory Relief: Contractual Termination)**

38. Plaintiff incorporates here by reference each and every allegation of paragraphs 1 through 37, inclusive, as though fully set forth herein.

39. The Agreement provides that Plaintiff has a right to terminate the Term after thirty days notice to the breaching party and the non-breaching party's failure to cure the breach.

40. UMG not only failed to cure the breach, but it did not respond in any reasonable or good faith way to Plaintiff's demands to cure the breaches as required by contract and up to this day.

41. By virtue of the wrongful acts alleged in this Complaint, Plaintiff is entitled to an order of this Court confirming Plaintiff's termination of the Agreement and excusing Plaintiff from further performance thereof.

## SIXTH CAUSE OF ACTION

**(Against UMG for Declaratory Relief: Material Breach Frustrating Purpose)**

42. Plaintiff incorporates here by reference each and every allegation of paragraphs 1 through 41, inclusive, as though fully set forth herein.

43. The breach of the Agreement alleged herein affects the purpose of the Agreement in a material and substantial way, defeating the purpose of the Agreement.

44. UMG has failed to perform its essential obligations under the contract and the breaches alleged have frustrated the purpose of the contract.

45. By virtue of the wrongful acts alleged in this Complaint, Plaintiff is entitled to an order of this Court terminating the Agreement and excusing Plaintiff from further performance thereof.

**WHEREFORE,** Plaintiff prays for judgment against Defendant UMG Recordings, Inc. as follows:

**AS TO THE FIRST CAUSE OF ACTION:**

1. For general, special and incidental damages against UMG, in an amount to be proven at trial;

**AS TO THE SECOND CAUSE OF ACTION:**

2. For general, special and incidental damages against UMG, in an amount to be proven at trial;

**AS TO THE THIRD CAUSE OF ACTION:**

3. For the imposition of a constructive trust over the monies that should have been paid under the Agreement to Plaintiff;

**AS TO THE FOURTH CAUSE OF ACTION:**

4. For an accounting from UMG of the royalties and other monies due to Plaintiff.

**AS TO THE FIFTH CAUSE OF ACTION**

5. For a Declaration that the Agreement is terminated and of no force and effect and Plaintiff is excused from further performance thereunder.

**AS TO THE SIXTH CAUSE OF ACTION**

6. For a Declaration that the Agreement is terminated and of no force and effect and Plaintiff is excused from further performance thereunder

**ON ALL CAUSES OF ACTION:**

       7.     For costs of suit, incurred herein;

       8.     For pre- and post-judgment interest at the maximum legal rate; and

       9.     For such other and further relief as this Court may deem just and proper.

Dated: June 24, 2025

                             FREUNDLICH LAW, APC

                             BY: /s/ Kenneth D. Freundlich
                             Kenneth D. Freundlich
                             Jonah A. Grossbardt
                             *Attorneys for Plaintiff Mariana Crescioni*

**Demand for Jury Trial**

Plaintiff Mariana Crescioni hereby demands a trial by jury on all issues so triable.

DATED:  June 24, 2025           FREUNDLICH LAW, APC


By:/s/ Kenneth D. Freundlich
Kenneth D. Freundlich
Jonah A. Grossbardt
FREUNDLICH LAW, APC
*Attorneys for Plaintiff Mariania Crescioni*